W. Vincent Grady, J.
This is a motion to stay arbitration on the issue of coverage which petitioner claims is not subject to arbitration.
The petitioner had previously moved to stay arbitration on the ground that a release barred respondent from proceeding to arbitration. This court, by decision dated June 16, 1969, denied this motion. It was conceded by respondent, without prejudice upon the previous motion, that petitioner’s application, although served beyond the 10-day period as set forth in CPLR 7503 (subd. [c]), was proper. The 10-day notice was *153 served by ordinary mail on petitioner on January 22, 1969, and the petitioner’s original application to stay arbitration was served on respondent on April 15, 1969.
Respondent now contends that the present application to stay arbitration raising the question of coverage is untimely. Petitioner alleges that it did not previously raise the question of coverage since it was deemed to be premature at the time. However, petitioner could have included as an alternative ground on its previous application for a stay the question of coverage which is now raised for the first time more than six months after the date of the original application.
Although the Third Department has held that the coverage issue is not one of the “threshold questions enumerated” in CPLR 7503 (subd. [c]) and that, therefore, the 10-day period did not apply (Matter of Frame [American Motorists Ins. Co.], 31 A D 2d 872), the First Department has held in three recent cases that the failure to apply to stay arbitration within the 10-day period precluded an insurer from raising threshold coverage questions (Matter of Allstate Ins. Co. [Ness], 32 A D 2d 912; Cosmopolitan Ins. Co. v. Moliere, 31 A D 2d 924; Matter of Allcity Ins. Co. [Di Lorenzo], 33 A D 2d 665). “ In view of this division of authority in uninsured motorist law, the Court of Appeals or the state Legislature should resolve the issue of Avhether underlying coverage questions are within the scope of the ten-day notice provision. The interest in maintaining arbitration as a prompt, economic and private means of resolving disputes, demonstrated by the Legislature in enactng the ten-day limit for staying arbitral proceedings, would best be served by a determination that coverage questions are also precluded.” (Freedman, An Examination of Ten-Day Notice Provision of N. Y. Arbitration Statute, N. Y. L. J., Feb. 18, 1970, p. 1, col. 3, at p. 4, cols. 1-2.)
In view of the petitioner’s failure to raise the coverage issue on its original application, and in light of the decisions rendered by the First Department, Appellate Division, petitioner shall be precluded from now raising the threshold coverage questions.
Even assuming that the application herein was timely, the coverage issue as to whether the respondent was “ occupying the vehicle at the time of the accident ’ ’ can be determined on the papers submitted to the court.
It clearly appears from a copy of a statement taken from the petitioner’s insured that the respondent was alighting from the insured’s vehicle at the time of the accident and was, therefore, occupying the vehicle Avithin the meaning of the insurance policy *154 and section 617 of the Insurance Law (State-Wide Ins. Co. v. Murdock, 31 A D 2d 978).
Accordingly, petitioner’s motion is denied and this matter shall proceed forthwith to arbitration.